10-2673-cr
United States v. Davis

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of April, two thousand thirteen.

Present:
>    PETER W. HALL,
>    DEBRA ANN LIVINGSTON,
>    CHRISTOPHER F. DRONEY,
>
>              *Circuit Judges.*

_____

United States of America,

          Appellee,

v.                                             No. 10-2673-cr

Anthony Davis,

          Defendant - Appellant.

_____

FOR APPELLANT:          BRUCE D. KOFFSKY, Koffsky & Felsen, LLC, Stamford, Connecticut.

FOR APPELLEE:           CHRISTOPHER M. MATTEI (Sandra S. Glover, *on the brief*), Assistant United States Attorneys, *of counsel for* David B. Fein, United States Attorney for the District Connecticut.

_____

1

Appeal from a judgment of the United States District Court for the District of Connecticut (Bryant, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Defendant-Appellant Anthony Davis pled guilty to one count of possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and was sentenced, *inter alia*, to a term of 96 months' imprisonment followed by three years of supervised release. Davis now appeals the district court's sentencing decision arguing that it was procedurally unreasonable. His sole contention on appeal is that the district court erred when it failed to state expressly that the United States Sentencing Guidelines were advisory rather than mandatory. We assume the parties' familiarity with the relevant factual background and procedural posture of this case.

We review a district court's sentencing decision for both procedural and substantive reasonableness under a "deferential abuse-of discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (*en banc*) (quoting *Gall v. United States*, 552 U.S. 38, 40 (2007)). A district court commits a procedural error when it "fails to calculate the Guidelines range[,] . . . makes a mistake in its Guidelines calculation, or treats the Guidelines as mandatory." *Cavera*, 550 F.3d at 190. "In general, we are 'entitled to assume that the sentencing judge understood all the available sentencing options, including whatever departure authority existed in the circumstances of the case.'" *United States v. Sanchez*, 517 F.3d 651, 665 (2d Cir. 2008) (quoting *United States v. Rivers*, 50 F.3d 1126, 1131(2d Cir. 1995)). The Guidelines, while "only advisory, . . . nevertheless retain an important role in a district court's sentencing decision." *United States v. Thomas*, 628 F.3d 64, 67 (2d Cir. 2010). Sentencing proceedings should normally begin by calculating the applicable Guidelines range with the assistance of the

2

Presentence Report. *Cavera*, 550 F.3d at 189 (citing *Gall*, 552 U.S. at 49). A district court should then "consider all other relevant factors" in determining an appropriate sentence "which may or may not be within the Guidelines-recommended range." *Thomas*, 628 F.3d at 67.

Davis appeals the procedural reasonableness of his sentence asserting only that the district court erred by treating the Guidelines as mandatory. He argues that reversal is warranted because the record does not include "any mention that the court was aware that it was not bound by the Guidelines." We are not persuaded. There is ample evidence in the record demonstrating the district court's awareness of its authority to depart from the applicable guidelines range. During the change of plea hearing, the district court stated that while it "is required to consider them, . . . it is not bound by the Sentencing Guidelines." The district court also affirmed that "the ultimate sentence is within the sole discretion of the [c]ourt."

At the sentencing hearing, without objection, the district court accepted the factual findings of the Presentence Report and heard argument from the parties in order to determine the "appropriate sentence." Prior to announcing the sentence, the court stated explicitly that it had considered the Section 3553 factors, the Guidelines' "recommended sentence," and the defendant's prior relevant conduct. The district court then imposed, *inter alia*, a sentence of 96 months' imprisonment as the "appropriate sentence."

The district court's statements and actions evidence its consideration of a broad range of factors in determining the ultimate sentence. "[W]e presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the statutory factors." *United States v. Fernandez*, 443 F.3d 19, 30 (2d Cir. 2006). We find no

3

support in the record for the contention that the district court viewed the Guidelines as anything

but advisory.  Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk